UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL W. SMITH,

    Plaintiff,

v.                                                    06-CV-3081

OFFICER CRARY,

    Defendant.

### Order of Dismissal

The plaintiff, currently incarcerated in Big Muddy Correctional Center, filed this action pursuant to 42 U.S.C. Section 1983 regarding events that occurred during his incarceration in Western Correctional Center.

The court is required by 28 U.S.C. §1915A to conduct a merit review dismiss claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted . . . ." A merit review hearing was scheduled to aid the court in this review, but was cancelled as unnecessary. The Complaint and exhibits already clearly set out the claims.

The merit review standard is the same as the motion to dismiss standard. The plaintiff's *pro se* complaint is liberally construed, taking the allegations as true and drawing all reasonable inferences in the plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519 (1972). Dismissal is appropriate only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521.

*Allegations*

Defendant Crary works in Internal Affairs at Western Illinois Correctional Center. On March 24, 2006, Crary interviewed the plaintiff as part of an investigation into sexual misconduct. Crary questioned the plaintiff about the plaintiff's sexuality and asked who the plaintiff "was getting down with." The plaintiff felt this was an invasion of his privacy and violated his freedom of speech and right to be free from cruel and unusual punishment. Crary threatened to charge the plaintiff with interfering with the investigation (a charge which can carry one year across-the-board punishment). Six inmates were investigated, including the plaintiff.

On March 31, 2006, the plaintiff was called back to internal affairs and threatened again

with interference. The plaintiff then admitted to "getting down" with two other inmates, and those two inmates admitted the conduct as well.

Crary wrote a disciplinary ticket against the plaintiff for sexual misconduct. The plaintiff believes Crary singled him out because the plaintiff is bisexual, Caucasian, and chose to associate with Blacks rather than Caucasians. (4/9/06 grievance attached to Complaint). The plaintiff alleges that, "Everyone they popped off for sexual misconduct is Black except me, I am the only White guy." Crary chose to believe an unreliable informant, though what part the informant played is not clear. The plaintiff alleges that there was no physical evidence of sexual misconduct or other eyewitnesses, only the confessions of the plaintiff and the inmates with whom he had sexual relations. The plaintiff believes it is not the prison's business if two consenting adult inmates choose to have sexual relations in private. (4/9/06 grievance attached to Complaint).

The plaintiff was found guilty of sexual misconduct and was punished with three months across the board and a transfer.

The plaintiff also believes Crary's actions amounted to cruel and unusual punishment and says his life has been put in a dangerous situation. He asks for payment for his pain, suffering and embarrassment.

*Analysis*

The plaintiff's allegations do not support a reasonable inference that his federal rights were violated.

The plaintiff appears to assert that he has a right to consensual sexual relations with other inmates. Inmates' rights under the Constitution are limited. The plaintiff's right to have adult, consensual sexual relations outside the prison does not extend inside the prison. Prisons have a legitimate interest in limiting physical contact an inmate has with others, even with close family members. If a prison can deny all contact visitation between an inmate and his family, a prison can certainly prohibit sexual contact between inmates. *See Block v. Rutherford*, 468 U.S. 576 (1984)(upholding blanket rule against contact visits between pretrial detainees and family); *see also Hernandez v. Coughlin*, 18 F.3d 183 (2d Cir. 1994)(no liberty interest in conjugal visits with spouse). The prison's legitimate interests in prohibiting sexual contact between inmates are too obvious for reasonable debate–preventing the spread of sexually transmitted diseases, for example. The plaintiff's Constitutional liberty interests and "right to privacy," whatever their parameters, do not encompass the right to have sexual contact with other inmates.

Nor does an inference of an equal protection violation arise. Plaintiff believes he was unfairly singled out because of his sexual orientation and race. However, the plaintiff misunderstands the meaning of equal protection under the Constitution. The Fourteenth Amendment does not protect against all unfair and arbitrary treatment. An equal protection violation means that the plaintiff was treated differently from others similarly situated. The

allegations do not permit a reasonable inference that the plaintiff was treated differently from other similarly situated inmates. For example, no inference arises that sexual misconduct between Caucasian inmates was tolerated while sexual misconduct between White and Black inmates was not tolerated. Likewise, no inference arises that sexual misconduct by heterosexual inmates was tolerated, while sexual misconduct by homosexual inmates was not. Accordingly, no reasonable inference arises that the rules were enforced against the plaintiff in a way that violated his Fourteenth Amendment right to equal protection.

Any procedural due process claim also fails. The plaintiff's confession, along with the confessions of the other two inmates, is enough evidence to sustain the guilty finding under the Constitution. *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999)(guilty finding need only be supported by some evidence). Prison officials did not need additional evidence before finding the plaintiff guilty.

The plaintiff's right to free speech under the First Amendment is not implicated. Crary's questioning did not restrict the plaintiff's speech. Perhaps the plaintiff means that the questioning violated his right against self-incrimination, but no reasonable inference arises that the plaintiff was compelled to give information that might implicate him in a criminal proceeding. Prison disciplinary proceedings are not criminal proceedings. *Baxter v. Palmigiano*, 425 U.S. 305, 316 (1976); *see also Riggins v. Walker*, 279 F.3d 422 (7th Cir. 1995)(punishment for refusal to take polygraph was not Fifth Amendment violation in prison disciplinary setting).

Lastly, no inference of cruel and unusual punishment arises under the Eighth Amendment. The punishment the plaintiff suffered was the result of a rule violation, and none of that punishment violated the Eighth Amendment. Nor does any reasonable inference arise that the manner in which Crary conducted the investigation raises Eighth Amendment concerns, or that Crary was deliberately indifferent to any serious risk of harm posed to the plaintiff by the investigation.

IT IS THEREFORE ORDERED that:

1) This case is dismissed for failure to state a claim, pursuant to the Court's merit review under 28 U.S.C. Section 1915A.

2) Although this case is being dismissed, the Prison Litigation Reform Act still requires the plaintiff to pay the filing fee. Accordingly, the plaintiff's petition to proceed in forma pauperis is granted for purposes of paying that fee in installments (d/e 1). The agency having custody of the plaintiff is directed to make monthly payments of 20 percent of the preceding month's income credited to the plaintiff's account. The agency must forward payments from the plaintiff's trust fund account to the Clerk of Court each time the plaintiff's account exceeds $10.00 until the filing fee of $350.00 is paid in its entirety.

3) All other pending motions are denied as moot [d/e's 2, 3], and this case is closed.

      4)  This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g).[1]  The clerk of the court is directed to record the plaintiff's strike in the three-strike log;

      5)  If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)©.  If the plaintiff does choose to appeal, he will be liable for the appellate filing fee ($455.00) regardless of the outcome of the appeal.  Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike under 28 U.S.C. 1915(g).

      Entered this 5th Day of June, 2006.

                                        **s\Harold A. Baker**

                                        HAROLD A. BAKER
                                  UNITED STATES DISTRICT JUDGE

---

[1] If plaintiff acquires three "strikes," he will not be able to file a lawsuit or an appeal in federal court *in forma pauperis*, unless he is in "imminent danger of serious physical injury."  28 U.S.C. Section 1915(g).  That is, the plaintiff will have to pay the entire filing fee up front at the time he files his lawsuit or appeal, if he has already accumulated three strikes.